802 A.2d 527

T.K., PLAINTIFF–RESPONDENT, v. LANDMARK
WEST, DEFENDANT–APPELLANT.

Superior Court of New Jersey Appellate Division

Argued April 23, 2002—Decided May 17, 2002.

Before Judges LINTNER and PARKER.

*William N. Dimin,* argued the cause for appellant (*Spector &
Dimin,* attorneys; *Mr. Dimin,* of counsel and on the brief).

*Ruben Laboy, Jr.*, argued the cause for respondent (Somerset Sussex Legal Services; *Mr. Laboy*, of counsel and on the brief).

PER CURIAM.

Plaintiff, T.K., a prospective tenant eligible for Section 8 rental assistance pursuant to 42 *U.S.C.A.* § 1437f, applied to rent a one-bedroom apartment at defendant Landmark West's rental complex to be occupied by herself and her twelve-year-old daughter. After being advised that her application was denied because she was unemployed and had an adverse credit report, plaintiff filed a Complaint and Order to Show Cause on December 4, 2000, to compel defendant to rent an apartment to her and execute the Rental Assistance Program § 8 contract. The complaint alleged that defendant's denial was arbitrary and violative of *N.J.S.A.* 2A:42–100.

Defendant filed its answer on December 7, 2000, and one week later Judge Graves entered an order requiring defendant to keep one apartment available pending final disposition. Judge Graves denied defendant's motion for summary judgment and thereafter presided over a non-jury trial on January 24, 2001. On February 9, 2001, Judge Graves filed a ten-page opinion in which he found that the testimony of Robert J. Schoonhen, the person responsible for managing the apartment complex, provided "inconsistent and unsubstantiated reasons for not accepting plaintiff as a tenant," thus concluding that defendant arbitrarily and unfairly rejected her application because of her dependence upon government assistance, rather than her creditworthiness.

Defendant appeals, raising the following points:

POINT I

THE TRIAL COURT ERRED IN FINDING THE DEFENDANT DID NOT ESTABLISH THAT THE PLAINTIFF WAS NOT CREDITWORTHY UNDER *N.J.S.A.* 2A:42–100 WHEN DENYING THE PLAINTIFF'S APPLICATION.

POINT II

THE TRIAL COURT ERRED IN FAILING TO ASCRIBE THE LEGISLATIVE INTENT BEHIND *N.J.S.A.* 2A:42–100 TO ALSO INCLUDE THE PROTECTION OF THE LANDLORD'S RIGHT TO REFUSE A TENANT BASED

UPON CREDIT WORTHINESS AND GIVING UNDUE PREFERENCE TO THE PLAINTIFF.

*POINT III*

THE TRIAL COURT ERRED WHEN IT SUBSTITUTED ITS JUDGMENT AS TO THE PLAINTIFF'S CREDITWORTHINESS FOR THAT OF THE DEFENDANT'S BUSINESS JUDGMENT.

We find no error in the proceedings, and affirm for the reasons given by Judge Graves in his comprehensive and well-reasoned written opinion of February 9, 2001. The judge's findings of fact are adequately supported by the evidence. *R.* 2:11–3(e)(1)(A). Defendant's contentions lack merit.

We however add the following brief comment. Although *N.J.S.A.* 2A:42–100 makes it unlawful for a landlord to "refuse to rent or lease any ... apartment to another person because of the source of any lawful income," it does not limit a landlord from refusing to rent an apartment based on the "creditworthiness" of the prospective tenant. Defendant's assertion that Judge Graves trespassed upon its business judgment by substituting his standards respecting creditworthiness for those used by defendant, thereby erring in his application of *N.J.S.A.* 2A:42–100, misconstrues Judge Graves's ruling. Judge Graves found that "there was no doubt" that defendant rejected plaintiff's application because of her "economic status, including her unemployment, lack of sufficient income and her participation in the Section 8 program," rather than her lack of creditworthiness. As such, he concluded that plaintiff's credit problems, which were disputed, were used as a pretext by defendant for denying plaintiff's application and that the testimony presented by defendant lacked credibility. It would be improper for us to engage in any independent assessment of credibility. *State v. Locurto*, 157 *N.J.* 463, 472–75, 724 *A.*2d 234 (1999).

Accordingly, we affirm.